# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

**CHELSEA POWERS,**
    Plaintiff,

**SAGINAW CHARTER TOWNSHIP,**
**JIM BERENT, in his official and individual capacity,**
**and JIM PETERSON, in his official and individual capacity.**
    Defendants.
_____/

**GAFKAY LAW, PLC**
**JULIE A. GAFKAY (P53680)**
**Attorney for Plaintiff**      **"DEMAND FOR JURY TRIAL"**
**175 S. Main Street**
**Frankenmuth, MI 48734**
**(989) 652-9240**
**jgafkay@gafkaylaw.com**
_____

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in this Court.

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

1

**NOW COMES**, Plaintiff, Chelsea Powers, by and through her attorney, GAFKAY LAW, PLC, and hereby files this action against Defendants, Saginaw Charter Township, Jim Berent, and Jim Peterson, as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Chelsea Powers (hereinafter "Plaintiff"), is a resident of the County of Saginaw, State of Michigan.

2. Defendant, Saginaw Charter Township (hereinafter "Defendant Township"), is a Township located in the County of Saginaw, State of Michigan.

3. Defendant, Jim Peterson (hereinafter "Defendant Peterson"), is the Fire Chief of Defendant Saginaw Charter Township, Fire Department, and a resident of the State of Michigan.

4. Defendant, Jim Berent (hereinafter "Defendant Berent"), is the Assistant Fire Chief, assigned to Station One with Defendant Saginaw Charter Township, Fire Department, and a resident of the State of Michigan.

5. Venue is proper in the Eastern District of Michigan pursuant to 28 USC § 1391(b).

6. This Court has jurisdiction over this matter based on federal question jurisdiction pursuant to 28 USC § 1331 and supplemental jurisdiction pursuant to 28 USC § 1367.

7. Plaintiff has filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which is still pending, and will amend her Complaint to add Title VII claim(s) under the Civil Rights Act of 1964, as amended once, the investigation is complete and a right-to-sue is issued.

## BACKGROUND FACTS

8. Plaintiff, who is a woman, is a firefighter with Defendant Township assigned to Station One.

9. Plaintiff began her employment in or about September of 2016.

10. At all relevant times, the Fire Chief for Defendant Township has been Defendant Peterson.

11. At all relevant times, Defendant Berent has been the Assistant Fire Chief for Station One with Defendant Township.

12. During Plaintiff's employment as a firefighter with Defendant Township, she has been subjected to comments and communication based

3

on her gender and harassed based on her gender, including, but not limited to, the following:

    a.    In 2016, Plaintiff began with Defendant Township close in time to four male firefighters. Plaintiff was the only one who had prior fire experience and, therefore, fell under the policy to get off probation sooner. Despite this, Defendant Berent refused to let Plaintiff off earlier, claiming he could not give her special treatment because she is a woman, and only allowed Plaintiff to be moved off probation with the other four males with no prior experience;

    b.    In late 2016, Plaintiff told a male firefighter not to take her phone to take a picture of his penis (which he was known for doing). Afterwards, he told Plaintiff he did not care about working with bitches like her. Plaintiff immediately complained to Defendant Berent who did nothing and excused the male firefighter's behavior;

    c.    From April through May of 2017, while still being forced on probation, Plaintiff was told she had to attend a Hazmat class for three weeks in Bay City, which the other four male probationary firefighters were not required to attend; After attending the class, Plaintiff learned

4

it was not necessary for her to attend the Hazmat class, even though she was told she had to attend;

    d.    When Plaintiff got off probation, she was given a pink thigh-master by firefighters at Station One; Defendant Berent, along with other officers, were in the room when Plaintiff was presented with it. One of the male firefighters, who also received a gift for getting off probation, was given a female Barbie doll as a joke because he was previously caught having intimate relations with a woman at the station;

    e.    In March of 2018, Plaintiff's shoe was missing and subsequently found in the garbage. Plaintiff complained about it to Defendant Peterson but asked him not to do an investigation because she did not want to be retaliated against by the male firefighters for complaining about it. Despite her request, Defendant Peterson conducted an investigation, which was not conclusive. During and after the investigation, it was apparent several male firefighters were upset with Plaintiff for making the complaint and retaliated against her;

    f.    In or about June of 2018, Plaintiff was at dinner with other firefighters. Another female firefighter was also present who had just had a baby. Several male firefighters made crying noises, one amplifying

5

a baby cry from his phone, so the new mother would lactate. Plaintiff, found it offensive, and told them to stop;

 g. Several male firefighters have referred to Plaintiff as a "bitch";

 h. One firefighter, who often refers to Plaintiff as a "bitch," who was acting officer for a call, removed Plaintiff from a rig during a call and replaced her with a less senior male employee;

 i. A male firefighter, who was in a relationship with another female firefighter, disclosed to Plaintiff and others that he was physically abusive to women and suicidal. He cornered Plaintiff in the radio room at the fire station. Soon after, another firefighter, an officer, and Defendant Berent came into the radio room. They heard the male firefighter admit to being abusive to women and suicidal. Plaintiff expressed safety concerns to Defendant Berent and he told Plaintiff to stop being a fucking bitch about everything;

 j. Shortly after the incident with the male firefighter admitting to being abusive to women, Plaintiff reported to Station One for a call concerning an accident for fuel containment. The firefighter who admitted to being physically abusive and suicidal, who had less seniority

and was not fully trained, also responded to the call. The said male firefighter assumed the front seat as the acting officer in charge, even though there were more senior firefighters, like Plaintiff, who had responded. The practice of Defendant Township is for less senior firefighters to yield to a firefighter with more experience. While traveling in the rig to the scene, Plaintiff mentioned it was not best practice for the firefighter with the lowest seniority to be acting as the officer in charge. The male firefighter in question and another male firefighter started screaming at Plaintiff telling her she was a "dumb bitch" repeatedly and telling her to, "shut the fuck up;"

 k. Subsequent to the above incident, even though the firefighters agreed to what happened, Plaintiff received a written reprimand for conduct unbecoming a firefighter;

 l. The locker room for the female firefighters at Station One is much smaller than the men's (only three lockers and one toilet) and half of it is used for storage by Defendant Berent. Defendant Berent enters the locked room to access storage. Indeed, several of the male firefighters at Station One are able to access the women only locker room;

7

    m. Defendant Township only has gear and uniforms designed for men. Defendant Township refuses to get Plaintiff, and the other female firefighters, gear and uniforms made for women; and

    n. Plaintiff is forced to wear a men's tie when she is in her uniform and Defendant Township has denied her request to wear a cross tie (female tie) with her uniform.

13. During Plaintiff's employment, she complained to Defendant Peterson and nothing was done to stop the gender harassment. However, when similarly situated male firefighters made complaints to Defendant Peterson he would address their concerns;

14. During Plaintiff's employment, she complained to Defendant Berent and he witnessed/participated in the gender harassment. He has failed to take appropriate action to stop the gender harassment.

15. In fact, after Plaintiff's complaints, Plaintiff was retaliated against and the harassment escalated.

16. Several firefighters and officers sent letters in retaliation accusing Plaintiff of creating a hostile work environment and being insubordinate.

17. After Plaintiff's complaints, some male firefighters have brandished their knives at the station in front of Plaintiff when not

necessary for training or a call; one male cleans his fingernails with his knife while staring at Plaintiff:

18. Plaintiff felt unsafe and complained about the male firefighters brandishing their knives when unnecessary, but it was allowed to continue.

19. Indeed, one of the male firefighters was heard saying, "I'd like to stick this knife in Chelsea."

20. The severe and pervasive harassment directed at Plaintiff, based on her gender, has caused her severe anxiety and rendered her unable to work.

21. Plaintiff has suffered damages as a result of the above.

## COUNT I-SEX DISCRIMINATION AGAINST ALL DEFENDANTS UNDER THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHT ACT

22. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs 1 through 21 as fully stated above.

23. At all material times, Plaintiff was an employee, and Defendants were her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

24. Plaintiff's gender was at least one factor that made a difference in Defendants' decision to treat her differently than similarly situated male employees.

25. Had Plaintiff been a male, she would not have been subjected to harassment based on her gender.

26. Defendants, through its agents, representatives, and employees, was predisposed to discriminate on the basis of gender and acted in accordance with that predisposition.

27. Defendants, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated male employees in the terms and conditions of employment, based on unlawful consideration of gender.

28. Defendants' actions were intentional in disregard for Plaintiff's rights and sensibilities.

29. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss

of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

## COUNT II –RETALIATION UNDER MICHIGAN ELLIOTT LARSEN CIVIL RIGHTS ACT AGAINST ALL DEFENDANTS

30. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs 1 through 29 as stated fully above.

31. Plaintiff's complaints of gender discrimination constitutes activity protected under the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

32. Defendants and its agents have retaliated against Plaintiff for opposing violations of the Elliott-Larsen Civil Rights Act in violation of the Act by failing to address it.

33. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of life.

## COUNT III –42 USC 1983 14th AMENDMENT CLAIM FOR EQUAL PROTECTION AGAINST DEFENDANTS PETERSON AND BERENT IN THEIR INDIVIDUAL CAPACITY FOR SEX DISCRIMINATION

34. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs 1 through 33 as stated fully above.

35. Defendants Peterson and Berent discriminated against Plaintiff based on her gender.

36. Plaintiff was treated differently than similarly situated male firefighters during her employment based on her gender.

37. Defendants' sex discrimination was malicious and/or with reckless disregard for Plaintiff's constitutional rights under the 14th Amendment.

38. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer substantial damages.

## COUNT IV- PLAINTIFF'S CLAIM UNDER THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT AGAINST ALL DEFENDANTS FOR GENDER HARASSENT

39. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs 1 through 38 as stated fully above.

40. At all material times, Plaintiff was an employee, and Defendants were her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq.

41. Plaintiff was harassed based on her gender by Defendants' agents and employees throughout the course of her employment.

42. This gender harassment included, but was not limited to, unwelcome comments and conduct of an offensive nature directed at Plaintiff and the creation of a hostile work environment.

43. The actions of Defendants and its agents, representatives, and employees were intentional.

44. The conduct of Defendants' agents and employees in sexually harassing Plaintiff constitutes gender harassment in violation of MCL 37.2101 et seq.

45. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of life.

WHEREFORE Plaintiff requests that this Honorable Court enter judgment against Defendants as follows:

## **DAMAGES**

1. Compensatory damages in whatever amount she is found to be entitled;

2. Exemplary damages in whatever amount she is found to be entitled;

3. An award of lost wages and the value of fringe benefits, past and future;

4. An award of interest, costs, and reasonable attorney fees;

5. An order enjoining Defendant, its agents, representatives, and employees from further acts of discrimination or retaliation;

6. An order of punitive damages against Defendants Peterson and Berent in their individual capacity for willful violation of Plaintiff's constitutional rights; and,

7. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## **JURY DEMAND**

Plaintiff hereby demands a Jury Trial in the above cause.

Dated: 9/10/2019         Respectfully submitted;

                              Gafkay Law, PLC

                              s/Julie A. Gafkay
                              Julie A. Gafkay (P53680)
                              Attorney for Plaintiff
                              175 S. Main Street
                              Frankenmuth, MI 48734
                              (989) 652-9240
                              jgafkay@gafkaylaw.com